Argued and submitted February 11; resubmitted
in banc June 9, affirmed November 9, 1981,
reconsideration denied January 6,
petition for review denied February 24, 1982 (292 Or 581)

# WEST COAST TRUCK LINES, INC.,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION,
*Respondent.*

(No. 77-T-37, CA 18600)

635 P2d 1033

Phil Cass, Jr., Eugene, argued the cause for petitioner. With him on the brief was Young, Horn, Cass & Scott, Eugene.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

THORNTON, J.

GILLETTE, J., concurring opinion.

RICHARDSON, J., dissenting in part opinion.

## THORNTON, J.

■       Petitioner appeals a decision of the Employment Division referee upholding the Employment Division administrator's assessment of unemployment compensation taxes. The first issue is whether the owner-operators of leased trucks who haul freight for petitioner are employes pursuant to ORS 657.040. Petitioner contends the owner-operators are independent contractors who are exempt from the provisions of ORS chapter 657. For the reasons set forth in *Byrne Trucking, Inc. v. Emp. Div.*, 32 Or App 229, 574 P2d 664 (1978), *aff'd* 284 Or 443, 587 P2d 473 (1978), we conclude the owner-operators are employees and petitioner is subject to unemployment taxes regarding the individuals included in the assessment.

In the alternative, petitioner contends that if the assessments are proper, the amount is incorrect. Specifically, petitioner contends the administrator, in calculating the assessment, included hauling activities which are exempt under ORS 657.035 because they were performed wholly outside the state. On cross-examination, the Division's auditor who had calculated the assessment testified he had made no distinction between work done within and without the state. The Division, while essentially conceding petitioner's position, contends that the assessment is prima facie correct under ORS 657.683(4)[1] and that the petitioner has the burden of establishing not only that the assessment is incorrect but what the correct assessment should be. The Division argues that the referee may affirm the assessment if the petitioner does not establish the correct figure.

---

[1] ORS 657.683(4) provides:

"All testimony at any hearing held under ORS 657.679 and 657.681 shall be recorded but need not be transcribed unless a petition for judicial review from the decision of the referee is filed in the manner and within the time prescribed. At any hearing held as provided in ORS 657.679 and 657.681 the determination or assessment of the assistant director or his authorized representative shall be prima facie correct and the burden shall be upon the protesting employing unit to prove that it is incorrect. Thereafter the referee shall enter his findings of fact and decision, either affirming, modifying, or setting aside the determination or assessment of the assistant director or his authorized representative and in the case of an assessment, the referee may increase or decrease the amount of the assessment. The employing unit and the assistant director shall be promptly notified of the decision of the referee.

We note that when the several deficiency notices were sent out by the Division, petitioner's reply was that "[t]he person(s) mentioned in the deficiency assessment is (are) not my employee(s)." Petitioner in his requests for hearing did not make any contention that even if some of the persons involved were employes, their work was performed outside the state from a base of operation outside the state and so were not covered. Moreover petitioner did not seek permission of the referee to amend its request for hearing or request a continuance to put on evidence of its own on this subject. In his opening statement at the hearing, however, petitioner for the first time raised the issue of non-resident owner-operators who sometimes work entirely outside the state, stating:

"* * * and it is our position that at the maximum the liability of West Coast Truck Lines would be for that portion of their service performed within the State of Oregon only, * * * and I would ask the auditor to be here, put the auditor on the — to ask the auditor whether or not in making the audit any attention was paid to the location of the driver or his so-called base of operations or terminal, and whether the figures he is reporting aren't gross settlements without regard to where the work was done. * * *"

Petitioner specifically asked the auditor that question in cross examination. The auditor stated that he did not distinguish between in-state and entirely out-of-state work.

The referee found, inter alia, as follows:

"The auditor with the Employment Division in making his investigation did not make any distinction as to where the driver or owner of the leased equipment lived, although the figures listed as wages on the assessment include mileage operated both in and outside the State of Oregon."

Based on the above the referee concluded as follows:

"Although, as found hereinabove, an unknown amount of the services performed by individuals whose names are listed on the assessments were evidently attributable to miles traveled wholly outside the state of Oregon and would, therefore, not be subject to the Oregon payroll tax, yet the referee is unable due to the lack of any more

specific evidence in the record to delete the wages attributable to such services.

"For the above reasons, the undersigned referee concludes that applicant has failed to show that the services of those whose names are set forth on the Notices of Deficiency and Tax Assessment for 'renumeration' are to be excluded from 'employment' subject to the Employment Division Law and the payroll tax. Applicant has not met the burden created by ORS 657.683(4): '. . . . .the . . . . . assessment of the assistant director or his authorized representative shall be prima facie correct and the burden shall be upon the protesting employing unit to prove that it is incorrect."

We conclude that petitioner did not satisfy its burden of proof under the applicable statute to rebut the Division's assessment.

ORS 657.683(4) states in part:

"* * * At any hearing * * * the determination or assessment of the assistant director or his authorized representative shall be prima facie correct and the burden shall be upon the protesting employing unit to prove that it is incorrect. * * * and in the case of an assessment, the referee may increase or decrease the amount of the assessment. * * *"

■ In order to be entitled to a lower assessment it would be incumbent on the petitioner to produce evidence as to the amount of out-of-state service and the names of the individuals involved to give the referee a basis for lowering the assessment. The petitioner failed to do so by a mere showing by an employer that the Employment Division may have included some out-of-state employes in its assessment.

Affirmed.

**GILLETTE, J.,** concurring.

I join in the majority opinion reluctantly because the outcome of this case, on the facts as they are now recognized, seems unfair. However, the petitioner brought the problem on itself.

As the majority notes, when the various deficiency notices were sent to petitioner, its reply was always the same: "The person(s) mentioned in the deficiency assessment is (are) not my employee(s)." No suggestion was made

in any of the requests for hearing that, even if some of the persons involved *were* employes, their work was performed outside the state from a base of operation outside the state and so was not covered. That issue was not raised until the outset of the hearing itself.

What has happened here is that the petitioner, having originally placed its eggs in one basket ("they don't work for me"), now wishes to profit from its belated switch of signals and the fact that the referee found a hole in the Division's assessment. Had the Division known from the outset that this was the issue, it might well have met any burden it had to show specifically *which* activities of petitioner's employes were covered. However, since the Division had no notice that this was an issue, it would be incongruous now to say it loses for failure to meet a burden it did not know it was expected to meet.

My view would be different if petitioner were now assigning as error the referee's failure to allow it to amend its request for a hearing or its request for a continuance to put on evidence of its own on this subject. However, on *this* record, this result is correct.

**RICHARDSON, J.,** dissenting.

I agree with the majority that the owner-operators are employes and that petitioner is subject to unemployment taxes. I disagree with the conclusion of the majority regarding the correctness of the assessment. I would remand the case for further proceedings to determine the correct amount of tax owed by petitioner.

The majority, citing ORS 657.683(4), concludes that petitioner has the burden of proving not only that the assessment is incorrect, but what the correct figure would be. Because petitioner has failed to establish the correct amount of tax due, the admittedly incorrect assessment is affirmed.

ORS 657.683(4) provides:

"All testimony at any hearing held under ORS 657.679 and 657.681 shall be recorded but need not be transcribed unless a petition for judicial review from the decision of the referee is filed in the manner and within the time prescribed. At any hearing held as provided in ORS

657.679 and 657.681 the determination or assessment of the assistant director or his authorized representative shall be prima facie correct and the *burden shall be upon the protesting employing unit to prove that it is incorrect.* Thereafter the referee shall enter his findings of fact and decision, either affirming, modifying, or setting aside the determination or assessment of the assistant director or his authorized representative and in the case of an assessment, the referee may increase or decrease the amount of the assessment. The emloying unit and the assistant director shall be promptly notified of the decision of the referee." (Emphasis added.)

Plainly, the burden is on the employer to prove that the assessment is *incorrect.* It has met this specific burden by showing the auditor used an incorrect formula for calculating the assessment. The auditor testified he had not excluded noncovered wages. The referee found that incorrect figures were used, and the Division concedes on appeal that the total assessment is incorrect.

It may well be that in order for the referee to determine the correct amount, as he is authorized to do, additional information is necessary. However, the referee is allowed by ORS 657.683(4) to set aside the assessment and return the case to the assistant director for further proceedings. The administrative and judicial process is not served by a strict interpretation of a burden of proof that results in affirming an admittedly incorrect tax assessment. Procedures exist whereby the correct amount can be determined. Frustration of the referee in being unable to arrive at a correct figure should not allow the state to collect a tax which is not authorized by statute.

Petitioner met its burden of establishing that the assessment was incorrect. I would remand for a recalculation of the assessment by a correct application of ORS 657.035. Because the majority affirms the incorrect assessment, I dissent.

Joseph, Warren and Young, JJ., join in this dissent.