Argued and submitted October 14, 1987, affirmed May 11, 1988

In the Matter of the Notice of
Deficiency Assessment of
Youth Care Services, Inc.

## YOUTH CARE SERVICES, INC.,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION,
*Respondent.*

(86-T-41; CA A43104)

754 P2d 25

James M. Brown, Salem, argued the cause for petitioner. With him on the brief was Enfield, Guimond & Brown, Salem.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Petitioner seeks review of a decision of an Employment Division referee that payments made by petitioner to certain foster parents were "remuneration," by subjecting petitioner to payroll taxes for unemployment insurance. ORS 657.015. We affirm.

Petitioner is a non-profit organization which contracts with persons to serve as "proctor parents" by taking difficult foster children into their homes. The children are delinquents who typically have committed felony-type offenses, are involved in drugs or have been severely abused, abandoned and neglected. The usual rate for foster care for a child in private homes is $305 per month. Proctor parents are paid $700 to $800 per month, per child.

Employers are subject to payroll taxes for unemployment insurance for an "employe," which is defined by ORS 657.015 as "any person * * * employed for remuneration or under any contract of hire, written or oral, express or implied * * *." Petitioner argues that the payments which it made to the proctor parents were "difficulty of care payments," which were entirely for expenses and therefore not remuneration within the statute.[1]

ORS Chapter 657 does not include a definition of "remuneration". However, under similar language in a former statute,[2] the Supreme Court held that reimbursed expenses were part of remuneration for the purpose of determining eligibility for unemployment benefits:

"If an employer pays his employe more than he otherwise would because of expense that the employe incurs in rendering services, the amount so paid is part of the employe's remuneration for his services." *Journal Pub. Co. v. State U.C. Com.*, 175 Or 627, 650, 155 P2d 570 (1945).

Although the payments to the foster parents may be

---

[1] In 1987, the legislature adopted ORS 657.060(2), which provides that employment does "not include service performed as foster care parents certified by the Children's Services Division or approved by a licensed child caring facility." The provision does not apply to this case.

[2] OCLA §§ 126-702(f) provided:

" 'Employment' means service for an employer * * * performed for remuneration or under any contract of hire, written or oral, express or implied."

"remuneration," as the term is used in the statute, OAR 471-31-020, an administrative rule adopted by the Division, would allow the exclusion of payments which are solely for expenses:

"Moneys allowed to employes to reimburse them for expenses of meals in the event employes are required to perform work after their regular office hours and amounts paid to employes to reimburse them for traveling or other expenses actually incurred by them while performing service for the employer are not wages or payroll within the meaning of the Employment Division Law. *No deduction may be made under this section unless an accurate detailed expense account is prepared by or with the knowledge of the employe and submitted to the employer* in such form as will meet the requirements of the Internal Revenue Service and unless such account is preserved by the employer for a period of three calendar years." (Emphasis supplied.)

At the hearing, proctor parents testified that they incur high expenses in caring for the children, not only for customary expenses, such as additional food and hot water, but also long distance phone calls and damage to their homes, such as toilets being ripped up, walls kicked in, carpets urinated on and theft. The referee found:

"In the instant matter, there is no question but what a large portion, if not the entire amount of the monthly service fees received by the parent was in turn spent by the parent on requisite expenses for the adolescent child. Although the contract [between petitioner and the parents] provided for the parent to submit monthly expenditure or reimbursement reports on which [petitioner] would pay the parent yet there were no such expenditures or reimbursements evidently furnished to [petitioner]."

Petitioner argues that the referee erred in concluding that the expenses should be considered "remuneration." Under ORS 657.683(4), an assessment of the Division "shall be *prima facie* correct and the burden shall be upon the protesting employing unit to prove that it is incorrect." OAR 471-31-020 sets out the requirements which must be met in order for expenses to be excluded from reimbursements. The referee found that expenditure or reimbursement reports had not been submitted to petitioner and that, therefore, the expenses must be considered "remuneration." We hold that the referee was correct.

Independently of the requirements of the administrative rule, our holding in *West Coast Truck Lines v. Emp. Div.,* 54 Or App 562, 635 P2d 1033 (1981), *rev den* 292 Or 581 (1982), also requires specific documentation in order to rebut the *prima facie* presumption of ORS 657.687(4). In *West Coast Truck Lines,* the employer argued that a deficiency assessment was incorrect, because it included services which were exempt because they were performed outside the state. *See* ORS 657.035. The employer did not present any evidence but relied on the state auditor's statement that he had not distinguished between in-state and out-of-state work. We held:

"In order to be entitled to a lower assessment it would be incumbent on the petitioner to produce evidence as to the amount of out-of-state service and the names of the individuals involved *to give the referee a basis for lowering the assessment." West Coast Truck Lines v. Emp. Div., supra,* 54 Or App at 566. (Emphasis supplied.)

So too here, petitioner's generalized showing of expenses did not provide the referee with a specific basis for lowering the assessment.

Affirmed.